

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| TRUSTEES OF THE PLUMBERS AND PIPEFITTERS NATIONAL PENSION FUND, ) ) ) Plaintiff, ) ) v. ) ) CIRCLE R MECHANICAL CONTRACTORS, ) INC., ) ) Defendant. ) ) | Case No. 1:13-cv-00231 (AJT/IDD) |

## REPORT AND RECOMMENDATION

This matter is before the Court on the Trustees of the Plumbers and Pipefitters National Pension Fund's ("NPF") Motion for Default Judgment against Circle R Mechanical Contractors, Inc. ("Defendant") pursuant to Federal Rule of Civil Procedure 55 (b)(2). (Dkt. No. 13.) After a licensed attorney for Defendant failed to appear at the hearing on August 30, 2013, the undersigned Magistrate Judge took this matter under advisement. Upon consideration of the Amended Complaint ("Am. Compl."); Plaintiff's Motion for Default Judgment ("Mot. Default J."); Plaintiff's Memorandum in Support of Motion for Default Judgment ("Mem. Supp. Default. J."); Affidavit of William T. Sweeney Jr., the Administrator of the NFP ("Sweeney NPF Aff."); Declaration of Attorney's Fees by John R. Harney, Plaintiff's counsel ("Harney Decl."); and the documents submitted in proof of damages., the undersigned Magistrate Judge makes the following findings and recommends that default judgment be entered against Defendant.

## I. INTRODUCTION

On February 21, 2013, Plaintiff filed this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and under section 301(a) and (c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185(a) and (c). (Mot. Default J. at 1.) These acts allow parties to enforce provisions of their collective bargaining agreements. In filing its Amended Complaint, Plaintiff seeks liquidated damages, interest assessed from the date that payment was due through the date of payment, and costs and attorneys' fees, pursuant to ERISA, LMRA, the Collective Bargaining Agreement, and the Restated Agreement and Declaration of Trust executed by the United Association Local Union No. 440 ("Local Union") and Defendant. (Am. Compl. ¶ 1.)

### A. Jurisdiction and Venue

This Court has subject matter jurisdiction over this action pursuant to 29 U.S.C. §§ 185(a), 1132 and 1145 because the funds are administered from the Plaintiff's principal place of business in Alexandria, Virginia. (Am. Compl. ¶ 1.) Where an action is brought in a district court of the United States under Sections 502 and 515 of ERISA, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found. 29 U.S.C. § 1132(e)(2). Moreover, "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce...or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties." 29 U.S.C. § 185(a).

This Court has personal jurisdiction over Defendant under the decision in Board of Trustees, Sheet Metal Workers Nat'l Pens. Fund v. McD Metals, Inc., 964 F. Supp. 1040, 1045

2

(E.D. Va. 1997).[1] Additionally, this Court has personal jurisdiction over Defendant pursuant to Section 502 of ERISA, 29 U.S.C. §§ 1132(e)(2), and Section 301(c) of the LMRA, 29 U.S.C. § 185(c). (Am. Compl. ¶ 4.) Venue is also properly situated in this District because the breach of the collective bargaining agreement and consequential breach of Section 515 of ERISA, 29 U.S.C. § 1145, occurred within this judicial district. (Am. Compl. ¶¶ 4,7.)

## B. Service of Process

Under 29 U.S.C. § 1132(e)(2), service of process is proper in any district where a defendant resides or may be found. When a plaintiff fails to serve the defendant properly under federal or state law, a court lacks personal jurisdiction over the defendant and may not enter default judgment against him *Omni Capital Int'l, Ltd. v. Wolff & Co.*, 484 U.S. 97, 104 (1987), *superseded by statute on other grounds*, Fed. R. Civ. P. 4(k), (stating that "[s]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person of the party served" (quoting *Mississippi Publ'g Corp. v. Murphee*, 326 U.S. 438, 444-45 (1946))); *Cent. Operating Co. v. Util. Workers of Am.*, 491 F.2d 245, 249 (4th Cir. 1974) (reversing lower court's decision to enter default judgment against a non-resident defendant union because the court lacked personal jurisdiction where the plaintiff failed to effectively serve the union with summons and complaint).

Although § 1132(e) states where a defendant may be served, the Federal Rules of Civil Procedure provide the manner in which service must occur. Under Rule 4(h), service upon a corporation, partnership, or other unincorporated association shall be effectuated "in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by

---

[1] The Court held that the Eastern District of Virginia had personal jurisdiction over defendant, a New York corporation, because ERISA provided for nationwide service of process, and thus, the Fifth Amendment "national" contacts theory is applicable, and the Virginia long-arm statute under Virginia Code § 8.01-328.1 is inapplicable.

appointment or by law to receive service of process. . . ." Fed. R. Civ. P. 4(h). Individuals are properly served under subsection (e)(2) by delivering to the person a copy of the summons and the complaint. *Id.* at 4(e)(2).

On April 15, 2013, a private process server served Sandy Reitman, authorized agent of Defendant company, with a copy of the Summons, Complaint, Amended Complaint, and Certificate of Service. (Dkt. No. 7.) Therefore, Plaintiff properly served Defendant pursuant to 29 U.S.C. § 1132(e)(2) and FRCP 4(h).

### C. Grounds for Default

Plaintiff filed its Complaint on February 21, 2013 and filed its Amended Complaint on March 11, 2013. (Dkt. Nos. 1, 4.) Defendant has failed to appear, answer, or file any other responsive pleadings in this matter. On July 8, 2013, Plaintiff filed a Request for Entry of Default with the Clerk. (Dkt. No. 8.) On July 9, 2013, the Clerk entered default against Defendant. (Dkt. No. 9.) On August 22, 2013, Plaintiff filed a Motion for Default Judgment and the Court conducted a hearing on the matter on August 30, 2013.[2] (Dkt. Nos. 11, 13-14.) After Defendant failed to appear at the August 30, 2013 hearing, the undersigned Magistrate Judge took this matter under advisement to issue this Report and Recommendation.

### II. FACTUAL FINDINGS

The undersigned Magistrate Judge makes the following findings of fact based on the Amended Complaint ("Am. Compl."); Plaintiff's Motion for Default Judgment ("Mot. Default J."); Plaintiff's Memorandum in Support of Motion for Default Judgment ("Mem. Supp. Default. J."); Affidavit of William T. Sweeney Jr., the Administrator of the NFP ("Sweeney NPF Aff.");

---

[2] On July 25, 2013, Plaintiff improperly filed its Memorandum in Support of Motion for Default Judgment twice (under docket numbers 10 and 11.). Despite the fact that docket number 10's text says, "Motion for Default Judgment", it is actually a second copy of Plaintiff's Memorandum in Support of Motion. Later on August 22, 2013, Plaintiff filed its Motion for Default Judgment (under docket number 13).

4

Declaration of Attorney's Fees by John R. Harney, Plaintiff's counsel ("Harney Decl."); and the documents submitted in proof of damages.

Plaintiff is the trustees of multiemployer employee benefit plans[3] administered from an office located in Alexandria, Virginia. (Am. Compl. ¶ 1.) The NPF is established and maintained by a Restated Agreement and Declaration of Trust and by a Collective Bargaining Agreement executed by the Local Union No. 440 and Defendant. (Am. Compl. ¶ 1.) Defendant is an Indiana corporation organized under the laws of Indiana, transacting business as a contractor or subcontractor in the plumbing and pipefitting industry. (Am. Compl. ¶ 2.) Defendant is an "employer in an industry affecting commerce," as defined by 29 U.S.C. §§ 1002(5), (9), (11), (12), and (14); 29 U.S.C. §§ 142(1), (3), and 152(2); and 29 U.S.C. § 1001(a). (*Id.*) Plaintiff alleges, and by failing to answer Defendant admits,[4] that Defendant employed certain employees under the Collective Bargaining Agreement during the period alleged by Plaintiff. (Am. Compl. ¶ 6; Sweeney NPF Aff. ¶ 4.)

Defendant is a signatory to the Collective Bargaining Agreement with Local Union 440 establishing the terms and conditions of employment for journeymen and apprentice plumbers and pipefitters employed by Defendant. (Am. Compl. ¶ 4.) Pursuant to the Collective Bargaining Agreement, Defendant agreed to pay certain sums of money for each hour worked by employees of Defendant covered by the Collective Bargaining Agreement. (Am. Compl. ¶ 5.) Plaintiff claims that Defendant employed certain employees covered under the Collective

---

[3] Such plans are defined by ERISA, 29 U.S.C. §§ 1002(3) and 1002(37).

[4] Fed R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts alleged state a claim.").

Bargaining Agreement and failed to make proper contributions to the NPF for work performed at Defendant's request.[5] (Am. Compl. ¶ 8.)

### A. National Pension Fund

The NPF asserts that Defendant's contributions to the NPF on behalf of its employees for work covered by the Collective Bargaining Agreement performed at Defendant's request for the months of October 2012 through January 2013 were late.

Defendant is bound to make payments under Article VI, Section 5, of the Restated Agreement and Declaration of Trust, which provides that an employer who fails to timely pay the amounts required by the Collective Bargaining Agreement shall be considered delinquent and may be assessed liquidated damages in the amount of ten percent (10%) of the amount due. (Am. Compl. ¶ 15.) Pursuant to this provision, the NPF claims that it is owed liquidated damages in the amount of $3,669.30 for the months of October 2012-January 2013. (Mem. Supp. Default. J. at 2.; Sweeney NPF Aff. ¶¶ 7-8.)

In addition, the Restated Agreement and Declaration of Trust allows interest on any amounts owed to the NPF at the rate of twelve percent (12%) per annum continuing to accrue from the due date through the date of payment. (Mem. Supp. Default. J. at 2.; Sweeney NPF Aff. ¶¶ 7-8.) The NPF alleges that Defendant owes interest on the delinquent contributions in the amount of $746.98 in interest. (Sweeney NPF Aff. ¶¶ 7-8.)

Therefore, Defendant owes the NPF a total of $4,416.28 in the following amounts: $3,669.30 in liquidated damages for the months of October 2012 through January 2013; and

---

[5] As of the date when Plaintiff filed its Amended Complaint (March 11, 2013), the Defendant had failed to make contributions to the NFP in the amount of $10, 570.24 for the month of December 2012 and had failed to submit reports indicating the amounts owed for the month of January 2013. By the time the Motion for Default Judgment was filed (August 22, 2013), however, Defendants had paid the amount of contributions in full. Consequently, Plaintiff is only seeking liquidated damages, interest assessed from the date that payment was due through the date of payment, and costs and attorneys' fees.

6

$746.98 in interest accruing from the date due through the date of payment. (*See* Sweeney NPF Aff. App.)

### B. Attorneys' Fees and Costs

Plaintiff seeks $2,261.29 in attorneys' fees and costs ($1,700.00 in attorneys' fees and $561.29 in costs). (Harney Decl. ¶ 7.) In support of this request, Plaintiff submitted the Declaration of John R. Harney and a report of attorneys' fees and costs through July 25, 2013. (Harney Decl. ¶ 7; Harney Decl. App. 1) The undersigned Magistrate Judge finds the following costs and attorneys' fees to be reasonable.

| *Attorneys' Fees* | *Costs* |
| --- | --- |
| $1,700.00 | $561.29 |

(Harney Decl. ¶ 7.)

### III. RECOMMENDATION

The undersigned Magistrate Judge recommends entry of default judgment in favor of the Trustees of the Plumbers and Pipefitters National Pension Fund against Circle R Mechanical Contractors, Inc.

The NFP is entitled to recover damages in the following amounts: $3,669.30 in liquidated damages for the months of October 2012 through January 2013; and $746.98 in interest accruing from the date due through the date of payment. Thus, the recommended total damages award for the NFP is of $4,416.28.

Plaintiff is also entitled to recover its attorneys' fees and costs in the amount of $2,261.29 in attorneys' fees and costs ($1,700.00 in attorneys' fees and $561.29 in costs). If further action is required to enforce and collect this judgment, Plaintiff may apply to this Court or to the court

in which enforcement is sought for further appropriate injunctive relief in addition to the relief set out in this Report and Recommendation.

## IV. <u>NOTICE</u>

**By mailing copies of this Report and Recommendation, the parties are notified that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of service on you of this Report and Recommendation. A failure to file timely objections to this Report and Recommendation waives appellate review of the substance of the Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.**

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to Defendant at the following address:

Sandy Reitman
Authorized Agent/Office Manager
4011 N 150 W
Columbus, IN 47201-9576

/s/
Ivan D. Davis
United States Magistrate Judge

January 2, 2014
Alexandria, Virginia